**Seth H. Row**, OSB No. 021845
seth.row@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  503.224.5858
Facsimile:  503.224.0155

      Attorneys for Plaintiff
      IBC Manufacturing Company

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **IBC MANUFACTURING COMPANY,** a Delaware Corporation,<br><br>      **Plaintiff**,<br><br>  v.<br><br>**BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY**, a Nebraska corporation, **HARTFORD ACCIDENT AND INDEMNITY COMPANY**, a Connecticut corporation, **FIRST STATE INSURANCE COMPANY**, a Connecticut corporation, and **AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY,** a New York corporation,<br><br>      **Defendants**. | Case No.: _____<br><br>COMPLAINT<br><br>(Declaratory Judgment and Damages Action)<br><br>(28 U.S.C. § 1332; 28 U.S.C. §2201)<br><br>JURY TRIAL DEMANDED |

Page 1 -    COMPLAINT

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## INTRODUCTION

Plaintiff IBC Manufacturing Company ("IBC" or "Plaintiff"), formerly known as Chapman Chemical Company ("Chapman"), by and through its attorneys, Miller Nash Graham & Dunn LLP, for its Complaint against Berkshire Hathaway Specialty Insurance Company, formerly Stonewall Insurance Company ("Berkshire Hathaway"), Hartford Accident and Indemnity Company ("Hartford"), First State Insurance Company ("First State"), and American Guarantee and Liability Insurance Company ("American Guarantee") (collectively, "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

### 1.

This is an insurance coverage action for declaratory and monetary relief in which Plaintiff IBC seeks to enforce obligations that the Defendants failed to honor under certain insurance policies under which Plaintiff's predecessor, Chapman, is an insured. IBC has received claims alleging liability and seeking damages that fall within the scope of these insurance policies. These claims relate to alleged property damage at a site in Portland, Oregon, purportedly resulting from Chapman's former operations at the site. IBC tendered them to Defendants for coverage, but Defendants have failed and/or refused to acknowledge their duties to defend without reservation and, if necessary, their duties to indemnify IBC in connection with the claims. IBC therefore seeks a judgment declaring that Defendants are jointly and severally obligated to defend and indemnify Plaintiff in connection with the claims. IBC also seeks damages for the costs and expenses it has incurred in defending them, as well as damages related to Defendants' breach of contract.

70101732.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## JURISDICTION AND VENUE

### 2.

This Court has jurisdiction over this action under 28 U.S.C. § 1332 in that the controversy is between citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs.

### 3.

Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because the allegedly contaminated property and claims at issue are located in Oregon, and therefore a substantial part of the events giving rise to the claim occurred in this jurisdiction.

## PLAINTIFF

### 4.

Plaintiff IBC, formerly known as Chapman, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Memphis, Tennessee.  Chapman is the former owner of property located at 10505 North Macrum Avenue in Portland, Oregon (the "Site").  Chapman operated a chemical formulation and repackaging facility at the Site.

## DEFENDANTS

### 5.

Upon information and belief, Defendant Berkshire Hathaway is a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business in Omaha, Nebraska.

70101732.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

6.

Upon information and belief, Defendant Hartford is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

7.

Upon information and belief, Defendant First State is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in Hartford, Connecticut.

8.

Upon information and belief, Defendant American Guarantee is a corporation organized and existing under the laws of the State of New York, with its principal place of business located in Schaumburg, Illinois.

9.

Upon information and belief, Defendants were authorized to do business and were engaged in doing business as insurance companies in the State of Oregon.

**THE INSURANCE POLICIES**

10.

Chapman (now IBC), in consideration of substantial premiums, purchased a primary commercial general liability policy from Hartford, policy number 23 C 726609, issued for the period of January 8, 1981, to January 8, 1982.

Page 4 -    COMPLAINT

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

11.

Chapman (now IBC), in consideration of substantial premiums, purchased a primary commercial general liability policy from Hartford, policy number 23 C 727116, issued for the period of January 8, 1982, to January 8, 1983.

12.

Chapman (now IBC), in consideration of substantial premiums, purchased a primary commercial general liability policy from Hartford, policy number 23 C 727116, issued for the period of January 8, 1983, to January 8, 1984.

13.

Chapman (now IBC), in consideration of substantial premiums, purchased an umbrella liability policy from First State and/or Hartford, policy number 902981, issued for the period of January 1, 1976, to January 1, 1977.

14.

Chapman (now IBC), in consideration of substantial premiums, purchased an umbrella liability policy from First State, policy number 947549, issued for the period of January 8, 1981, to January 8, 1982.

15.

Chapman (now IBC), in consideration of substantial premiums, purchased an umbrella liability policy from Stonewall (now Berkshire Hathaway), policy number 56008807, issued for the period of January 8, 1982, to January 8, 1983.

Page 5 -    COMPLAINT

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

16.

Chapman (now IBC), in consideration of substantial premiums, purchased an umbrella liability policy from Stonewall (now Berkshire Hathaway), policy number 56012603, issued for the period of January 8, 1983, to January 8, 1984.

17.

Chapman (now IBC), in consideration of substantial premiums, purchased a primary commercial general liability policy from American Guarantee, policy number CU32-58-333-01, issued for the period of January 8, 1984, to January 8, 1985.

18.

Chapman (now IBC), in consideration of substantial premiums, purchased an umbrella liability policy from American Guarantee, policy number CU32-58-333-00, issued for the period of January 8, 1984, to January 8, 1985.

19.

Premiums on each of the above-referenced policies have been paid in full.

20.

IBC is entitled to coverage under each of the above-referenced policies.

/ / /

/ / /

/ / /

/ / /

Page 6 -    COMPLAINT

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

21.

Under the Defendants' policies, Defendants have a joint and several obligation to defend IBC and to reimburse it for defense costs and reasonable expenses incurred in connection with any claim and/or suit seeking damages, including property damage, for which IBC is alleged to be liable.

22.

Furthermore, under the Defendants' policies, Defendants have a duty to pay on behalf of IBC sums that IBC becomes obligated to pay because of liability imposed by law for damages and expenses because of property damage, as those terms are defined in the Defendants' policies.

23.

IBC's expectation was that these policies would cover expenses and payments for defense and indemnity for settlements or judgments arising out of claims or suits alleging liability for property damage, up to the limits of the policies.

**THE UNDERLYING CLAIMS**

24.

Joslyn Corp. ("Joslyn") is a former owner of property neighboring the Site, where, as previously alleged, Chapman operated a chemical formulation and repackaging facility.

/ / /

/ / /

Page 7 -    COMPLAINT

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

25.

In a letter dated June 1, 2015, Joslyn alleged that IBC was potentially liable for contamination at the Site.

26.

In a letter dated April 21, 2016, the Oregon Department of Environmental Quality ("DEQ") identified IBC as potentially liable for contamination at the Site.

27.

These underlying claims asserted by Joslyn and DEQ, which allege that Chapman conducted operations at the Site from 1948 to 1996, form the basis of Plaintiff's insurance coverage claims in this action.

28.

The underlying claims are covered by the terms and conditions of Defendants' insurance policies, and Defendants are jointly and severally obligated to defend and indemnify IBC.

**IBC'S TENDER OF THE UNDERLYING CLAIMS AND
DEFENDANTS' WRONGFUL REFUSAL OF COVERAGE**

29.

IBC fully and timely performed all conditions precedent to Defendants' obligations under the Defendants' policies.

/ / /

/ / /

Page 8 -     COMPLAINT

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

30.

On August 26, 2015, IBC gave notice to Defendants of the underlying Joslyn claim.  IBC thereafter provided Defendants with notification of further communications from Joslyn.

31.

On April 14, 2016, IBC gave notice to Defendants of the underlying DEQ claim. Thereafter, on April 29, 2016, IBC provided Defendants with notification of further communications from DEQ.

32.

In a letter dated December 18, 2015, Defendant Hartford, on behalf of Hartford and First State, reserved rights to deny coverage under the policies issued by Hartford and First State.

33.

In a letter dated May 18, 2016, Hartford reiterated its reservation of rights. Hartford agreed to participate in IBC's defense and offered to pay its "appropriate share" of IBC's defense costs solely under its primary commercial general liability policies, but not under its umbrella policies, and subject to its reservation of rights.

34.

In letters dated January 15, 2016, April 25, 2016, and May 23, 2016, Resolute Management Inc., on behalf of Defendant Berkshire Hathaway, reserved rights and refused to defend under any of the policies issued by Stonewall (now Berkshire Hathaway).

Page 9 -    COMPLAINT

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

35.

In letters dated October 20, 2015, November 19, 2015, December 24, 2015, January 29, 2016, and April 18, 2016, Zurich North America, on behalf of American Guarantee, generally reserved rights and has failed to defend under any policy issued by American Guarantee.

36.

Despite IBC's demand that they do so, Defendants have wrongfully and unreasonably failed or refused to defend and indemnify IBC without reservation in connection with the underlying claims, which refusal has and will cause Plaintiff to incur substantial costs, expenses, and other damages.

37.

IBC disagrees with each and every basis for reservation of rights or denial of coverage set forth by the Defendants.  Defendants are each obligated to defend under their respective policies and pay defense costs.

38.

The costs and expenses Plaintiff will incur will be in excess of any deductibles or retained limits under Defendants' insurance policies.

/ / /

/ / /

/ / /

/ / /

Page 10 -    COMPLAINT

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## COUNT ONE

## (Declaratory Judgment)

### 39.

Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 38 herein.

### 40.

Plaintiff is entitled to a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Federal Rules of Civil Procedure Rule 57, that Defendants each owe a duty to defend and indemnify Plaintiff for the underlying claims.

### 41.

An actual and justiciable controversy presently exists between Defendants and Plaintiff concerning Defendants' aforesaid refusal and/or failure to fulfill their obligations under the policies.

### 42.

Plaintiff's interest in determining its rights is direct, substantial, and immediate.

### 43.

Because Plaintiff and Defendants disagree as to the proper interpretation of the policies, a declaratory judgment will afford relief from the parties' uncertainty with respect to their rights, status, and other legal relations under the policies.

Page 11 -    COMPLAINT

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

44.

Plaintiff is entitled to a declaration that Defendants are jointly and severally obligated under the policies to defend, and if necessary indemnify, Plaintiff against the underlying claims.

45.

Defendants' aforesaid refusal to defend or indemnify Plaintiff without reservation entitles Plaintiff to a declaration, under the Federal Declaratory Judgment Act, adjudicating and decreeing Plaintiff's rights under the Defendants' policies, and a declaration that Defendants are obligated under the policies to defend and indemnify Plaintiff in connection with the underlying claims.

## COUNT TWO

### (Breach of Contract)

46.

Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 38 herein.

47.

Plaintiff has materially complied with the terms and conditions of the policies.

/ / /

/ / /

/ / /

/ / /

Page 12 -    COMPLAINT

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

48.

Despite notice and demand upon Defendants to defend and indemnify Plaintiff in connection with the underlying claims, Defendants have wrongfully failed and/or refused to defend and, if necessary, indemnify IBC without reservation in material breach of their obligations under their respective insurance policies.

49.

Defendants' aforesaid refusal and/or failure to defend and indemnify Plaintiff without reservation constitutes breach of contract for which Plaintiff is entitled to recover all damages it has suffered and will suffer as result of such breach.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff IBC respectfully requests judgment against Defendants:

a.      For a declaration that Defendants are jointly and severally obligated under their respective policies to defend and indemnify Plaintiff in connection with the underlying claims;

b.      For all costs and expenses Plaintiff has incurred or may incur in defending the underlying claims;

c.      For all damages Plaintiff has suffered and will suffer as a result of Defendants' breaches of contract;

d.      For Plaintiff's reasonable attorneys' fees and costs incurred in prosecuting this action pursuant to statute;

e.      For prejudgment interest at the statutory rate from the date the obligation was due until entry of judgment; and

Page 13 -    COMPLAINT

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

f.      For such other and further relief as may be deemed just and equitable.

DATED this 24th day of May, 2016.

MILLER NASH GRAHAM & DUNN LLP

*/s/ Seth H. Row*

Seth H. Row
OSB No. 021845
seth.row@millernash.com
Phone: 503.224.5858
Fax: 503.224.0155

Attorneys for Plaintiff IBC Manufacturing
Company

Page 14 -    COMPLAINT

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204