IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **IBC MANUFACTURING COMPANY,**<br>**a Delaware corporation**,<br><br>           Plaintiff,<br><br>     v.<br><br>**BERKSHIRE HATHAWAY SPECIALTY**<br>**INSURANCE COMPANY,**<br>a Nebraska corporation; **HARTFORD**<br>**ACCIDENT AND INDEMNITY**<br>**COMPANY,** a Connecticut corporation;<br>**FIRST STATE INSURANCE COMPANY,**<br>a Connecticut corporation; and<br>**AMERICAN GUARANTEE AND**<br>**LIABILITY INSURANCE COMPANY,**<br>a New York corporation,<br><br>           Defendants. | Case No. 3:16-cv-00908-SI<br><br>**OPINION AND ORDER** |

Seth H. Row, MILLER NASH GRAHAM & DUNN LLP, 3400 U.S. Bancorp Tower, 111 S.W. Fifth Avenue, Portland, OR 97204; John H. Kazanjian, BEVERIDGE & DIAMOND, PC, 477 Madison Avenue, 15th Floor, New York, NY 10022; Edward M. Grauman, BEVERIDGE & DIAMOND, PC, 98 San Jacinto Boulevard, Suite 1420, Austin, TX 78701. Of Attorneys for Plaintiff.

Diane L. Polscer and Robert W. Kirsher, GORDON & POLSCER, LLC, 9755 S.W. Barnes Road, Suite 650, Portland, OR 97225. Of Attorneys for Defendant American Guarantee and Liability Insurance Company.

PAGE 1 – OPINION AND ORDER

Carl E. Forsberg, FORSBERG & UMLAUF, PS, 901 Fifth Avenue, Suite 1400, Seattle, WA 98164. Of Attorneys for Defendant Berkshire Hathaway Specialty Insurance Company.

Katie Smith, HENRIE & SMITH, LLP, 15455 N.W. Greenbrier Parkway, Suite 125, Beaverton, OR 97006. Of Attorneys for Defendants First State Insurance Company and Hartford Accident and Indemnity Company.

**Michael H. Simon, District Judge.**

Plaintiff IBC Manufacturing Company ("IBC") and the defendants in this case, Berkshire Hathaway Specialty Insurance Company ("Berkshire"), Hartford Accident and Indemnity Company ("Hartford"), First State Insurance Company ("First State"), and American Guarantee and Liability Insurance Company ("American") (collectively, "Defendants"), disagree about whether Defendants must defend and indemnify IBC under their respective insurance policies. Berkshire filed suit in federal court in Tennessee on May 10, 2016, against IBC, Hartford, First State, and American, seeking declaratory relief regarding the insurance coverage dispute. Berkshire filed that lawsuit in IBC's home forum, where IBC has its principal place of business. Two weeks later, IBC filed suit in this Court against Berkshire, Hartford, First State, and American, alleging breach of contract and also seeking declaratory relief. All Defendants move to dismiss this action under the "first-to-file" rule. For the reasons that follow, the Court grants Defendants' motion.

## BACKGROUND

**A. The Insurance Coverage Dispute**

Chapman Chemical Company ("Chapman"), IBC's predecessor, was a Delaware corporation located in Memphis, Tennessee. Chapman also operated a chemical formulation and repackaging facility in Portland, Oregon (the "Chapman Property"). Chapman purchased insurance policies from Defendants to protect itself from liability and loss arising from its operations at the Chapman Property and elsewhere. The policies include umbrella liability

policies issued by Berkshire's predecessor, Stonewall Insurance Company, as well as various general liability and umbrella liability policies issued by Hartford, First State, and American.[1]

Chapman later changed its name to IBC and eventually sold the Chapman Property to Columbia Steel Casting Company, Inc. ("Columbia Steel"). IBC still has its principal place of business in Memphis, Tennessee.

Joslyn Corporation ("Joslyn") is the former owner of real property that adjoins the Chapman Property. Joslyn sold its property to Columbia Steel, which now owns both parcels. On June 1, 2015, Joslyn sent IBC a letter, alleging that IBC potentially was liable for contamination at and near the Chapman Property. In its June 1, 2015 letter, Joslyn demanded that IBC participate in the defense of a claim brought by the Oregon Department of Environmental Quality ("Oregon DEQ") for the investigation and cleanup of the former Chapman and Joslyn properties.

On August 26, 2015, IBC sent a letter to Berkshire requesting that Berkshire defend and indemnify IBC with regard to any losses that IBC has or will incur in connection with the Joslyn claim. Berkshire acknowledged IBC's letter on September 1, 2015, and on January 15, 2016, Berkshire sent a letter to IBC reserving Berkshire's right to deny coverage for the Joslyn claim based on the "Pollution Exclusion" in Berkshire's policies. IBC responded on January 28, 2016, advising Berkshire that IBC disagreed with Berkshire's reservation of rights.

By April 2016, IBC had learned that the Oregon DEQ would also be asserting a claim directly against IBC. On April 14, 2016, IBC gave Berkshire notice of the claim by Oregon DEQ and requested that Berkshire defend and indemnify IBC against that claim as well. On April 29,

---

[1] Berkshire is a Nebraska corporation with its principal place of business in Omaha, Nebraska. Hartford and First State are both Connecticut corporations with their principal place of business in Hartford, Connecticut. American is a New York Corporation with its principal place of business in Schaumburg, Illinois.

PAGE 3 – OPINION AND ORDER

2016, IBC notified Berkshire of recent correspondence from Joslyn and the Oregon DEQ and reiterated its request for coverage under the policies.

In letters dated April 25, 2016 and May 23, 2016, Berkshire again reserved its rights and denied any obligation to defend or indemnify IBC. Hartford, First State, and American also have either refused to defend or indemnify IBC or have agreed to defend IBC but only subject to a reservation of rights.

IBC did not state in any of its letters to Berkshire, Hartford, First State, or American that it intended to file a lawsuit if any Defendant did not provide IBC with coverage for the Joslyn or Oregon DEQ claims. IBC also has not engaged in settlement discussions with any Defendant regarding coverage for the Joslyn or Oregon DEQ claims.

**B. The Tennessee Action**

On May 10, 2016, Berkshire filed its lawsuit against IBC, Hartford, First State, and American in the United States District Court for the Western District of Tennessee (the "Tennessee Action"). *Berkshire Hathaway Specialty Insurance Company v. IBC Manufacturing Company, et al.*, Case No. 2:16-cv-02319-SHM-tmp (W.D. Tenn. 2016). In that lawsuit, Berkshire seeks declaratory relief regarding the rights and obligations of the parties under the insurance policies issued by Defendants to IBC's predecessor, Chapman, concerning Joslyn and the Oregon DEQ's underlying claims against IBC.

On August 1, 2016, IBC filed in the Tennessee Action a motion to dismiss or, in the alternative, to stay. On August 22, 2016, Berkshire, Hartford, First State, and American filed their joint opposition to the motion. The federal court in Tennessee has not yet ruled on IBC's motion.

## C. The Oregon Action

On May 24, 2016, two weeks after Berkshire filed the Tennessee Action, IBC filed suit in this district (the "Oregon Action"). IBC similarly seeks a declaration regarding the parties' rights and obligations under the same insurance policies with regard to Joslyn and the Oregon DEQ's underlying claims against IBC. IBC alleges that the claims that Joslyn and the Oregon DEQ assert against IBC are covered by the terms and conditions of Defendants' insurance policies, and that Defendants are jointly and severally obligated to defend and indemnify IBC against the underlying claims. IBC also brings a breach of contract claim against Defendants, alleging that Defendants have wrongfully failed to provide coverage under the policies.

On July 7, 2016, Berkshire and American filed the joint motion to dismiss the Oregon Action. On the next day, July 8, 2016, First State and Hartford joined the motion to dismiss. IBC filed its response on August 1, 2016, and Defendants replied on August 18, 2016.

## DISCUSSION

## A. First-to-File Rule

Under the first-to-file rule, a district court has the discretion to "transfer, stay, or dismiss" the more recently filed of two substantially similar actions pending in different courts. *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). If a subsequent complaint is filed in a second court involving the same parties and issues as the first, then the rule "should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)). The policy of the first-to-file rule "is to maximize judicial economy, consistency, and comity." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

Generally, application of the rule turns on three factors: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues. *See id.* at 1240. The "rule is

PAGE 5 – OPINION AND ORDER

not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Thus, the rule will not apply if a court determines that equitable interests counsel otherwise; typical exceptions to the rule include bad faith, anticipatory suit, and forum shopping. *See Alltrade*, 946 F.2d at 628.

### 1. Chronology of the Actions

The first factor a court analyzes is the chronology of the lawsuits. *Kohn*, 787 F.3d at 1240. On May 10, 2016, Berkshire filed the Tennessee Action. IBC filed the Oregon Action two weeks later, on May 24, 2016. Thus, the Oregon Action is the second-filed action. This factor favors the application of the first-to-file rule.

### 2. Similarity of the Parties

The second factor a court analyzes is the similarity of the parties. *Kohn*, 787 F.3d at 1240. IBC, Berkshire, Hartford, First State, and American are the only parties in both the first-filed Tennessee Action and the second-filed Oregon Action. Because the parties are identical, this factor favors the application of the first-to-file rule.

### 3. Similarity of the Issues

The third factor a court analyzes is the similarity of the issues. *Kohn*, 787 F.3d at 1240. Defendants correctly state that both the Tennessee Action and the Oregon Action seek to decide the same fundamental issue of what coverage obligations, if any, the insurers owe IBC regarding the underlying claims asserted against IBC by Joslyn and the Oregon DEQ. IBC does not dispute that the issues in the Tennessee Action and the Oregon Action are similar. The Court finds that this factor supports the application of the first-to-file rule.

### 4. Equitable Considerations

A court may decline to apply the first-to-file rule based on "fairness considerations" or "equitable concerns." *See Alltrade*, 946 F.2d at 628. Specific circumstances under which an exception to the first-to-file rule may be made include bad faith, anticipatory suit, and forum shopping. *Id.* IBC argues that the Court should decline to apply the first-to-file rule because the Tennessee Action is an anticipatory suit and an attempt by Berkshire to forum shop.[2]

Another court in this District has described the equitable exceptions to the first-to-file rule as follows:

> A court may depart from the first-to-file rule if it finds that the plaintiff filed an "anticipatory suit" to engage in forum shopping. The anticipatory suit exception is grounded in equitable principles and has a very specific meaning in this context. The exception does not apply simply because a party anticipates litigation and sues first to obtain its choice of forum. Rather, the exception applies when a would-be plaintiff is "deprived of its traditional choice of forum" because the other party lacked a "preexisting motive for

---

[2] IBC also argues that a first-filed declaratory judgment action is presumptively disfavored relative to a later-filed coercive action, citing *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535 (6th Cir. 2007), and *AmSouth Bank v. Dale*, 386 F.3d 763 (6th Cir. 2004). The Court finds that both cases are distinguishable from the situation at hand.

In *Certified Restoration*, the Sixth Circuit held that the defendants improperly attempted to forum-shop by filing a declaratory judgment action in Ohio after the plaintiff threatened to bring legal action when the underlying contract "clearly mandated" that the dispute be resolved in a Michigan forum. 511 F.3d at 552. In this case, IBC did not threaten to bring legal action, and IBC does not assert that a forum-selection clause applies.

In *AmSouth Bank*, the Sixth Circuit found a declaratory judgment action improper where the plaintiff indicated a willingness to negotiate a settlement rather than engage in legal action and the plaintiff asked for a formal settlement demand that the defendants were preparing when the plaintiff filed the declaratory judgment action. 386 F.3d at 787. The Sixth Circuit explained: "This is clearly not the case of the plaintiff who accuses continuously but does not file, but instead the case of the defendant who races to the courthouse while at the same time assuring the plaintiff that the defendant is still interested in at least discussing settlement options." *Id.* The opposite could be said of the plaintiff in this case, as IBC demanded that Berkshire defend and indemnify IBC for more than eight months without indicating any intent to file suit.

PAGE 7 – OPINION AND ORDER

> going to court" and filed suit based on "specific, concrete
> indications that a suit . . . was imminent." *See Inherent.com v.
> Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097-98 (N.D. Cal.
> 2006). The anticipatory suit exception is most often at issue when a
> plaintiff sues for declaratory relief. *See id.*

*Adidas Am., Inc. v. Herbalife Intern., Inc.*, 2010 WL 596584, at *2 (D. Or. Feb. 12, 2010).

Although IBC repeatedly demanded that Berkshire defend and indemnify IBC in the underlying Joslyn and Oregon DEQ claims over the course of more than eight months, IBC never alerted Berkshire to any intent by IBC to file suit, nor were the parties engaged in settlement discussions. Thus, this case is not like *Inherent.com v. Martindale-Hubbell*, where the defendant sent the plaintiff a letter stating that unless the parties reached a settlement agreement within five days, the defendant would file suit. 420 F. Supp. 2d at 1100. Instead of answering the letter, the plaintiff filed a declaratory action in its own home district. The court held that dismissing the case under the first-to-file rule would be inequitable because dismissal "would unreasonably penalize [the plaintiff who] attempted to resolve the dispute before filing suit." *Id.* In contrast, IBC never indicated, over the course of more than eight months, that it contemplated legal action. Berkshire is entitled to obtain a timely judicial declaration of its obligations under the policies and thus had a "preexisting motive for going to court." *See Adidas Am.*, 2010 WL 596584, at *2.

IBC also argues that Berkshire's forum-shopping intent is evidenced by Berkshire's assertion that the policies should be construed under Tennessee law.[3] This Court previously has

---

[3] Berkshire argues that Tennessee Code § 56-7-102 controls its dispute with IBC. Section 56-7-102 provides that:

> Every policy of insurance, issued to or for the benefit of any
> citizen or resident of this state on or after July 1, 1907, by any
> insurance company or association doing business in this state, . . .
> shall be held as made in this state and construed solely according
> to the laws of this state.

PAGE 8 – OPINION AND ORDER

stated that "a court may find that a suit is anticipatory where the burden of proof or applicable law would vary depending on where the suit was filed, which is an aspect of forum-shopping." *City Antiques, Inc. v. Planned Furniture Promotions, Inc.*, 2014 WL 3955216, at *4 (D. Or. Aug. 12, 2014) (citing *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983)). The Court notes that Tennessee's conflict of laws doctrine may be more favorable to Berkshire's position, as Tennessee follows the *lex loci contractus* rule for claims based in contract. *Williams v. Smith*, 465 S.W.3d 150, 153 (Tenn. Ct. App. 2014). Under this rule, "a contract is presumed to be governed by the law of the jurisdiction in which it was executed absent a contrary intent." *Id.* (citations omitted). In contrast, Oregon's applicable choice of law statute sets forth a multi-factor test for determining the "most appropriate law" to be applied when the contracting parties have not selected their choice of law. Or. Rev. Stat. § 15.360.

Berkshire responds that it is counterintuitive to find inappropriate forum shopping where the plaintiff filed suit in the ***defendant's*** home forum, as Berkshire did in the Tennessee Action. The Court agrees. Given the lack of evidence that the Tennessee Action was an inappropriate anticipatory declaratory action, the Court finds that Berkshire did not engage in bad-faith forum shopping. *Cf. Mission Ins. Co.*, 706 F.2d at 601 (affirming a district court's dismissal of a suit where the district court found that the plaintiff caused the defendant to delay filing suit in its forum of choice through false representations).

IBC also repeatedly refers to itself as the "natural plaintiff" in this action, primarily relying upon dicta in Judge Posner's opinion *Hoover v. Wagner*, 47 F.3d 845 (7th Cir. 1995). In

---

Tenn. Code Ann. § 56-7-102. IBC disagrees and asserts that Oregon law controls, citing Oregon Revised Statute § 465.480(2)(a), which states that: "Oregon law shall be applied in all cases where the contaminated property to which the action relates is located in Oregon." Or. Rev. Stat. § 465.480(2)(a).

PAGE 9 – OPINION AND ORDER

explaining that the "extraordinary" nature of injunctive relief does not make it discretionary, Judge Posner discussed declaratory relief:

> *Declaratory* relief is discretionary in a strong sense, *Green v. Mansour,* 474 U.S. 64, 72, 106 S.Ct. 423, 427–28, 88 L.Ed.2d 371 (1985); *Allendale Mutual Ins. Co. v. Bull Data Systems, Inc.,* 10 F.3d 425, 431 (7th Cir.1993); *Tempco Electric Heater Corp. v. Omega Engineering, Inc.,* 819 F.2d 746, 747 (7th Cir.1987), but that is probably because it is often used to seize the forum from the "natural" plaintiff, see *id.* at 749–50, as when a copyright infringer brings suit to declare the copyright invalid or an insurance company brings suit for a declaration that its policy does not cover the insured.

*Id.* at 850. Judge Posner's comment does not control here. The Ninth Circuit repeatedly has stated that: "We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (quoting *Aetna Cas. & Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992)); *see also Allstate Ins. Co. v. Westom*, 2008 WL 441726, at *2 (D. Or. Feb. 14, 2008) (stating that "it is not uncommon for an insurer to seek a declaration of its obligations in federal court" and citing Ninth Circuit cases).

Finally, IBC makes several arguments concerning the relative convenience of litigating this dispute in Oregon, including the fact that whether Berkshire's "Pollution Exclusion" applies may involve a fact-intensive inquiry into pollution conditions and operations conducted at the Chapman Property. As Defendants correctly observe, however, such convenience arguments need not be addressed by the court in the second-filed action. The Ninth Circuit explains:

> As for the respective convenience of the two courts, "normally [this argument] should be addressed to the court in the first-filed action. Apprehension that the first court would fail to appropriately consider the convenience of the parties and the witnesses should not be a matter for our consideration."

*Alltrade*, 946 F.2d at 628 (quoting *Pacesetter*, 678 F.2d at 96) (alteration in *Alltrade*).

PAGE 10 – OPINION AND ORDER

The Court concludes that equitable concerns do not make the first-to-file rule inapplicable in this case. IBC did not notify Berkshire that it intended to file suit; rather, over the course of more than eight months, IBC simply and repeatedly demanded that Berkshire defend and indemnify IBC in the underlying Joslyn and Oregon DEQ claims. Berkshire, in an appropriate attempt to obtain a judicial declaration of its obligations under the policies at issue, filed suit in IBC's home forum. Further, it is not the case that Berkshire induced or lulled IBC into not filing a lawsuit sooner by making false or misleading representations. *Cf. Mission Ins. Co.*, 706 F.2d at 600. The facts do not show that Berkshire filed an anticipatory suit or improperly engaged in forum shopping.

### 5. Conclusion

In the interest of comity and judicial efficiency, the Court defers to the earlier-filed Tennessee Action.

### B. Remedy

Under the first-to-file rule, "when cases involving the same parties and issues have been filed in two different districts, the second district court has the discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai*, 125 F.3d at 769. Where a short statute of limitations is applicable to a party's claims and "the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed." *Alltrade*, 946 F.2d at 629.

The applicable six-year statute of limitations for an "action upon a contract" under Oregon law, Oregon Revised Statute § 12.080, means that there is little risk that IBC will be unable to file another lawsuit in the District of Oregon in the event that the Western District of Tennessee dismisses the first-filed action. Thus, the Court declines jurisdiction in favor of the Western District of Tennessee and dismisses IBC's complaint without prejudice. *See Pacesetter*,

PAGE 11 – OPINION AND ORDER

678 F.2d at 96 (affirming a dismissal where neither relevant action proceeded past the pleading stage, there were no bars to the second-filing party's presentation of its claims, and the first-filed action was capable of efficiently resolving all issues).

## CONCLUSION

Defendants' Joint Motion to Dismiss (ECF 23, 25) is GRANTED. Plaintiff's Complaint is DISMISSED without prejudice.

**IT IS SO ORDERED**.

DATED this 29th day of August, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge